IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| KIMBERLY GRAY, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| ANDREW SAUL, Commissioner, | * | No. 3:20-cv-00077-JJV |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Kimberly Gray, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs, Plaintiff has replied, and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff was forty-one years old at the time of the administrative hearing. (Tr. 36.) She testified she is a high school graduate and attended some college. (40.) The Administrative Law Judge (ALJ) determined she had past relevant work as an orderly. (Tr. 21.)

The ALJ[1] first found Ms. Gray had not engaged in substantial gainful activity from the alleged onset date, July 31, 2016. (Tr. 12.) She has a number of "severe" impairments, but no impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 12-15.)

The ALJ determined Ms. Gray had the residual functional capacity to perform a reduced range of sedentary work. (Tr. 15.) The ALJ then assessed that Plaintiff could no longer perform her past relevant work, so the ALJ utilized the services of a vocational expert to determine if jobs existed in significant numbers that Plaintiff could perform despite her impairments. (Tr. 59-64.) Based on a set of hypothetical questions posed to the vocational expert, the ALJ concluded Plaintiff could perform the jobs of circuit board assembler, document preparer, and addresser. (Tr. 22.) Accordingly, the ALJ determined Ms. Gray was not disabled. (Tr. 23.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

In support of her Complaint, Plaintiff argues that the ALJ's finding she can perform sedentary work is not supported by substantial evidence. I agree.

The ALJ clearly focuses on the fact Plaintiff had been caring for her granddaughter. (Tr. 16-17, 19.) He concluded, "Finally, the claimant testified that she lived with her spouse and sixteen year old child and that at one point she lived with and cared for her toddler granddaughter. [Tr. 401-408 ]Thus, the claimant has described daily activities, which are inconsistent with her complaints of disabling symptoms and limitations." (Tr. 16-17.) Later he says, "Finally, despite her mental health impairments, treatment notes indicated that the claimant was able to care for her granddaughter." (Tr. 19.)

While generally caring for a child may show an ability to perform sedentary work activities, here the evidence fails to support such a conclusion. While Ms. Gray states she takes care of her granddaughter, she also reports her activities of daily living are extremely limited. (Tr. 401-408.) The ALJ's conclusion that her "described daily activities" are "inconsistent with her complaints of disabling symptoms and limitations" is simply not accurate. Additionally, the treatment notes indicating "claimant was able to care for her granddaughter" was a note that Plaintiff "called to cancel today's appointment secondary to having to take care of her granddaughter today." (Tr. 8037.) Such reliance on Plaintiff caring for her granddaughter was misplaced and leads me to conclude the ALJ's decision is not supported by substantial evidence. More broadly, the ALJ's overall conclusions about Ms. Grays activities of daily living is simply not supported by the record and requires additional consideration of her claims.

I also note that even the ALJ's recitation of the medical evidence in his opinion supports Plaintiff's allegations her pain and limitation is likely disabling. (Tr. 17-20.) As Plaintiff argues, ". . . the ALJ characterized Gray's pain as 'mild to moderate,' which is contrary to the medical

3

evidence." Given Plaintiff's substantial medical history of back disorder – including corroborating diagnostic testing - I find the Commissioner committed reversible error on this point as well.

I agree Plaintiff deserves a proper evaluation of her claims. On remand, the Commissioner should reevaluate Ms. Gray's claims and, if appropriate obtain the necessary consultative medical examinations.

Counsel for both sides has admirably represented their respective sides in this case. But I find this case must be remanded. Further development of the record will allow for a more thorough understanding of Plaintiff's limitations and whether or not she is able to engage in substantial gainful activity.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and any pending motions are rendered moot. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 24th day of May 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE